John J. Walsh, J.
Defendant was convicted after a trial before the Justice without a jury. The judgment of conviction is reversed and the matter is remitted to the Special Sessions for a new trial.
During the course of the trial, the defendant sought to introduce certain photographs in evidence. Defendant’s Exhibit No. 2 was a photograph offered to show the angle at which the streets intersect and was relevant with respect to the question whether the defendant stopped at a point which would afford him the best view of traffic on Oswego Street. This was important because section 1172 of the Vehicle and Traffic Law provided:
‘1 § 1172. Stop signs and yield signs.
“ (a) Except when directed to proceed by a police officer, every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line, but if none, then shall stop before entering the crosswalk on the near side of the intersection, or in the event there is no crosswalk, at the point nearest the intersecting roadway where the driver has a view of the approaching traffic om the intersecting roadiuay before entering the intersection and the right to proceed shall be subject to the provisions of section eleven hundred forty-two ”. (Italics supplied.)
This exhibit was apparently offered by defendant (p. 11 of transcript) but objected to by the District Attorney. There is no indication that the Trial Justice ever ruled on this offer but it was not received.
Defendant offered Exhibit 3 to show the view which could be had of the intersection from the driveway where the trooper’s car was parked. This was relevant with respect to the question whether the trooper could actually see that part of the Florence Hill Road where defendant claimed he stopped his vehicle.
This was apparently offered by defendant (p. 14 transcript) but objected to by the Assistant District Attorney. There is no indication that the Trial Justice ruled on the objection (p. 15) but it was not received in evidence,
*58 Defendant also offered certain photographs (defendant’s Exhibits 4 and 5) to show the view from his automobile. These were offered (transcript p. 19-20) objected to by the Assistant District Attorney and sustained.
From the failure of the Trial Justice to rule on defendant’s Exhibits 2 and 3, this court on appeal cannot determine whether they were or were not received in evidence. If not, they should have been.
It seems appropriate to point out that a Trial Justice has the responsibility of ruling on such exhibits and should not surrender his power to the prosecutor. The prosecutor is merely the advocate of the People and stands in no more exalted position than defense counsel.
The law favors the admission of photographs, particularly when they assist the court in understanding the case, or when they assist a witness in explaining his testimony. (32 C. J. S., Evidence, §§ 709, 713, 715.)
This court does not feel that there was any error in sustaining the objection to defendant’s Exhibits 4 and 5 and so holds.
Since the record is not clear on defendant’s Exhibits 2 and 3 which were clearly relevant, the judgment of conviction is reversed and the matter remitted to Special Sessions for a new trial.